Matter of Moran (2023 NY Slip Op 04592)

Matter of Moran

2023 NY Slip Op 04592

Decided on September 13, 2023

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
LARA J. GENOVESI, JJ.

2022-01700

[*1]In the Matter of James D. Moran, admitted as James Doyle Moran, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; James D. Moran, respondent. (Attorney Registration No. 4014098)

JOINT MOTION pursuant to 22 NYCRR 1240.8(a)(5) by the Grievance Committee for the Tenth Judicial District and the respondent, James D. Moran, for discipline by consent. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on November 19, 2001, under the name of James Doyle Moran.

Catherine A. Sheridan, Hauppauge, NY (Ann Marie Modica-Schaffer of counsel), for petitioner.
Foley Griffin, LLP, Garden City, NY (Thomas J. Foley of counsel), for respondent.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the respondent with a notice of petition and a verified petition, both dated March 7, 2022, and the respondent served and filed a verified answer dated April 4, 2022. Subsequently, the Grievance Committee served and filed a statement of disputed and undisputed facts dated April 13, 2022. The respondent served and filed a response to the statement of disputed and undisputed facts dated April 27, 2022. By decision and order on application of this Court dated June 7, 2022, inter alia, the matter was referred to the Honorable Charles J. Thomas, as Special Referee, to hear and report. The Grievance Committee and the respondent now jointly move pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent, and request the imposition of a one-year suspension. Pursuant to 22 NYCRR 1240.8(a)(5)(i), the parties submitted a joint affirmation signed by counsel for the Grievance Committee and counsel for the respondent on August 24, 2022, in support of the motion. The respondent has submitted an affidavit sworn to on August 23, 2022, attesting, inter alia, to various mitigating circumstances. Based on a stipulation of facts presented with the joint affirmation, the parties have agreed that the following factual specifications are not in dispute.
In 2016, the respondent was retained by Brett Marascia in connection with an action filed by David Levine against Marascia and his construction company in the Supreme Court, Suffolk County, entitled Levine v Marascia , under Index No. 4282/16. On June 5, 2019, the respondent failed to appear on Marascia's behalf for a compliance conference. On July 17, 2019, the respondent failed to appear on Marascia's behalf for a second compliance conference. On that same date, upon the plaintiff's application, the court granted an order of default against Marascia, and adjourned the case for an inquest on August 29, 2019.
On August 29, 2019, the respondent failed to appear on Marascia's behalf at the inquest in the Supreme Court and as a result, the court granted a default judgment in favor of the plaintiff. The respondent failed to inform Marascia that he did not appear on Marascia's behalf on [*2]three court dates between June 2019 and August 2019, and that on August 29, 2019, the default judgment was issued against Marascia in the case.
On or about September 20, 2019, the respondent drafted an affidavit on behalf of Marascia in support of a motion to vacate the default judgment. Marascia did not sign or swear to the truth of the information set forth in the affidavit. Marascia did not appear before the respondent in connection with the execution of the affidavit. On or about September 20, 2019, the respondent notarized the affidavit, which contained Marascia's purported signature.
On or about September 23, 2019, the respondent filed the motion to vacate the default judgment. The respondent included the affidavit purportedly signed by and sworn to by Marascia with the motion.
By order dated January 3, 2020, the Supreme Court denied the motion, determining that the respondent's claim of law office failure "lack[ed] any detail and [was] unsupported by any evidence," and "offered no explanation for his failure to simply contact the Court or the plaintiff by phone or by letter to request an adjournment of the conferences."
A money judgment dated January 21, 2020, was entered against Marascia for $22,079. Marascia was unaware of the money judgment against him until February 2020, when he was notified that the Suffolk County Sheriff had placed a levy on his bank account.
By letter dated February 18, 2021, Marascia advised the Grievance Committee that the affidavit purportedly signed by him and sworn to on September 20, 2019, was forged.
By letter dated April 23, 2021, sent by first-class mail to the respondent's home address that was registered with the Office of Court Administration (hereinafter OCA) and to his email address, and by letter dated June 15, 2021, sent by first-class and certified mail to the respondent's OCA-registered home address, the Grievance Committee forwarded to the respondent a copy of Marascia's letter and the accompanying exhibits. The Grievance Committee requested additional information from the respondent, including his response to Marascia's claim of forgery, within 10 days of receipt. The respondent failed to submit an answer or request additional time to do so.
On June 28, 2021, the respondent contacted the Grievance Committee and requested an extension until July 28, 2021. The respondent failed to submit an answer by July 28, 2021, or request an extension of time to do so.
By letter dated August 18, 2021, sent by first-class and certified mail to the respondent's OCA-registered home address, the Grievance Committee enclosed copies of its previous letters dated April 23, 2021, and June 15, 2021, noted that no response had been received, reminded the respondent that the failure to timely respond or otherwise cooperate with the Grievance Committee constitutes professional misconduct, and requested an answer within 10 days of receipt. The respondent failed to submit an answer or request an extension of time to do so.
On September 23, 2021, the respondent was served with a judicial subpoena, commanding his appearance at the Grievance Committee's office on October 21, 2021, to testify at an examination under oath.
On October 20, 2021, the respondent provided an answer to the Grievance Committee's request for additional information but did not respond to Marascia's claim of forgery, despite the Grievance Committee's request to do so.
As required by 22 NYCRR 1240.8(a)(5)(iii), the respondent has submitted an affidavit with this motion in which he conditionally admits the foregoing facts, and that those facts establish that he neglected a legal matter entrusted to him; that he failed to promptly inform his client of material developments in the client's matter; that he engaged in conduct involving dishonestly, fraud, deceit or misrepresentation; that he engaged in conduct prejudicial to the administration of justice; and that he engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of rules 1.3(b), 1.4(a)(1)(iii) and 8.4(c), (d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), respectively. The respondent consents to the agreed discipline of a one-year suspension, which consent is given fully and voluntarily without coercion and duress. The respondent states that he is fully aware of the consequences of consenting to such discipline.
The parties assert that this Court consider, in aggravation, the respondent's disciplinary history which consists of a Letter of Caution cautioning him to, inter alia, act with reasonable diligence in representing clients and to keep his clients reasonably informed about the status of and material developments in their matters; that the respondent has been practicing law for 21 years; that although the respondent was initially cooperative with the Grievance Committee's investigation, he failed to cooperate with the Grievance Committee's request for additional information, resulting in a court-ordered subpoena requiring his appearance before the Grievance [*3]Committee; and that the respondent's conduct resulted in financial injury to his client.
In mitigation, the respondent asserts, inter alia, that this Court should consider that he has accepted responsibility and expressed remorse; that his professional judgment was impaired by the personal stresses associated with the demands of caring for his ailing mother; that during the relevant period, he was a sole practitioner without support staff; and evidence of his good character.
As to the appropriate sanction, the parties contend that a one-year suspension is in accord with this Court's precedent under similar circumstances.
Based on the foregoing, we find that the joint motion pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent should be granted, and that a one-year suspension is warranted in view of the totality of the circumstances, including the respondent's admitted misconduct as well as the aggravating and mitigating factors presented herein.
LASALLE, P.J., DILLON, DUFFY, BARROS and GENOVESI, JJ., concur.
ORDERED that the joint motion pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent is granted; and it is further,
ORDERED that the respondent, James D. Moran, admitted as James Doyle Moran, is suspended from the practice of law for a period of one year, commencing October 13, 2023, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than July 13, 2024. In such application (see id. §§ 1240.16, 691.11), the respondent shall furnish satisfactory proof that, during the period of suspension, he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that during the period of suspension and until further order of this Court, the respondent, James D. Moran, admitted as James Doyle Moran, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, James D. Moran, admitted as James Doyle Moran, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, James D. Moran, admitted as James Doyle Moran, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Acting Clerk of the Court