Matter of Santos (2025 NY Slip Op 04184)

Matter of Santos

2025 NY Slip Op 04184

Decided on July 16, 2025

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
LARA J. GENOVESI, JJ.

2023-04635

[*1]In the Matter of Jimmy Miguel Santos, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Jimmy Miguel Santos, respondent. (Attorney Registration No. 2772689.)

JOINT MOTION pursuant to 22 NYCRR 1240.8(a)(5) by the Grievance Committee for the Ninth Judicial District and the respondent, Jimmy Miguel Santos, for discipline by consent. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on November 27, 1996.

Courtny Osterling, White Plains, NY (Anthony R. Wynne of counsel), for petitioner.
Richard E. Grayson, White Plains, NY, for respondent.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Ninth Judicial District commenced a disciplinary proceeding on May 5, 2023, by serving on the respondent, and filing with the Court, a notice of petition dated May 4, 2023, and verified petition, also dated May 4, 2023, containing seven charges of professional misconduct. The respondent served and filed a verified answer dated June 21, 2023. By decision and order on application dated October 19, 2023, this Court, pursuant to 22 NYCRR 1240.8(b)(1), referred the matter to Norma Giffords, as Special Referee, to hear and report.
The Grievance Committee and the respondent now jointly move pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent and request the imposition of a one-year suspension for the misconduct outlined in the petition. Pursuant to 22 NYCRR 1240.8(a)(5)(i), the parties submitted a joint affirmation in support of the motion. In addition, the respondent has submitted an affidavit sworn to on May 22, 2024. Based on the stipulation of facts presented with the joint affirmation, the parties have agreed that the following factual specifications are not in dispute.
Morillo Matter
The respondent was retained by Michelle Morillo in or about November 2013 to commence an action against her former employer, Bear Gallery, Inc., based upon, inter alia, breach of contract and Labor Law violations. In December 2013, the respondent filed a summons and complaint against Bear Gallery, Inc., and Gregory L. Hubert, among others, in the Supreme Court, New York County, under Index No. 161550/13.
On June 5, 2017, the defendants in that action moved pursuant to CPLR 3126(3) to strike the complaint, based upon a "'willful failure to comply with discovery demands.'" The respondent failed to respond to the motion or advise Morillo that a motion seeking dismissal of the complaint had been filed. By decision and order dated August 2, 2017, the Supreme Court directed dismissal of the action with prejudice (hereinafter the dismissal order).
In relevant part, the Supreme Court stated:
"On May 2, 2016, the parties appeared before Justice Hagler and entered into a so-ordered stipulation wherein the Plaintiff was required to respond to the Defendants' March 3, 2016, Notice of Discovery and Inspection within 45 days of May 2, 2016, to the extent that the Plaintiff had not already done so. Defendants argue[] that the Plaintiff again failed to respond.
"On August 1, 2016, the parties appeared before Justice Hanger [sic], who issued a compliance conference order again requiring that the Plaintiff respond to the Defendants' March 3, 2016, discovery request within 30 days.
"Thereafter, the matter was referred to this Court and the parties appeared for a compliance conference before this Court on December 13, 2016. On said date, this Court discussed with the parties the Defendants' specific outstanding demands and directed the Plaintiff to respond to certain specific discovery requests within 30 days, and other specific discovery requests within 14 days. In addition, the Court struck the note of issue that the Plaintiff had filed in the underlying action.
"On or about April 10, 2017, the Defendants served interrogatories upon the Plaintiff.
"On April 11, 2017, this Court held another conference in the underlying action, at which time only the Defendants' attorney was present. Plaintiff's attorney was not present, however, the Court called the attorney and conferenced the case with Plaintiff's attorney via telephone. This Court was informed that there were some settlement discussions pending in the underlying action. This Court indicated to Plaintiff's attorney that if the case was not settled, the Court's prior discovery order must be complied with. The Court adjourned the matter to June 13, 2017, and informed Plaintiff's attorney that he had an additional 30 days to respond to the Defendants' prior discovery requests.
"On June 13, 2017, the parties appeared before the Court, and Plaintiff's attorney indicated that he had not responded to the Defendants' prior discovery requests as ordered by the Court. At said conference, Plaintiff's counsel was informed that Defendants had made the instant motion to strike the complaint. The Court directed Plaintiff's attorney to respond to the motion, believing that the Plaintiff would respond to the motion by including the appropriate responses to Defendants' prior discovery demands.
"It would appear that Plaintiff's attorney has not responded to the instant motion, nor has Plaintiff provided discovery responses as ordered by this Court."
Based on the foregoing, the Supreme Court found:"In the underlying action, the Plaintiff has failed to comply with multiple discovery orders issued by two different justices over a span of two years. Further, the Plaintiff has been given repeated opportunities and extensions of time to respond to the Defendants' discovery demands. Under these circumstances, due to the Plaintiff's repeated failures to comply with prior orders of the Court and the Plaintiff's failure to respond to the instant motion, the Court finds that striking the Plaintiff's pleadings and dismissing the underlying action is appropriate."
The respondent failed to inform Morillo that the action had in fact been dismissed, but rather, affirmatively misled Morillo to believe that the action was pending. After Morillo learned that the action had been dismissed, the respondent advised her that he could vacate the dismissal order by filing a motion. The respondent thereafter never filed a motion to vacate the dismissal order.
Failure to Satisfy Judgment
In June 2018, Morillo filed a summons and complaint against the respondent, alleging legal malpractice, in the Supreme Court, Kings County, under Index No. 513123/18.
The respondent did not appear in that action, and Morillo obtained a judgment, after inquest, dated March 11, 2020, in the amount of $42,740.36. As of the date of the filing of the disciplinary charges against the respondent, the judgment remained unpaid.
As required by 22 NYCRR 1240.8(a)(5)(iii), the respondent has submitted an affidavit with this motion in which he conditionally admits the foregoing facts and that those facts establish that he (1) neglected a legal matter entrusted to him, in violation of rule 1.3(b) of the Rules of Professional Conduct (22 NYCRR 1200.0); (2) failed to act with reasonable diligence and promptness in representing a client, in violation of rule 1.3(a) of the Rules of Professional Conduct; (3) failed to keep his client reasonably informed about the status of the matter, in violation of rule [*2]1.4(a)(3) of the Rules of Professional Conduct; (4) failed to promptly comply with his client's reasonable requests for information, in violation of rule 1.4(a)(4) of the Rules of Professional Conduct; (5) engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of rule 8.4(c) of the Rules of Professional Conduct; (6) engaged in conduct prejudicial to the administration of justice, in violation of rule 8.4(d) of the Rules of Professional Conduct; and (7) engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct.
The respondent consents to the agreed-upon discipline of a one-year suspension, which consent is given freely and voluntarily without coercion or duress. The respondent states that he is fully aware of the consequences of consenting to such discipline.
The parties assert that the Court should consider, in aggravation, the respondent's prior disciplinary history, which consists of two Admonitions, one Letter of Advisement, and one Letter of Caution, and which involved similar conduct as occurred here.
In mitigation, the parties assert that the Court should consider the respondent's cooperation with the investigation of this matter, the respondent's acknowledgment of his mistakes, the respondent's remorse, the fact that the respondent paid the subject judgment in full in July 2023, and the fact that the respondent entered into the New York State Bar Association's Lawyer Assistance Program for monitoring. The respondent, moreover, asserts that this Court should consider that at the time of the misconduct, he was suffering from depression, type II diabetes, and high blood pressure, which were not under control.
As to the appropriate sanction, the parties contend that a suspension of one year is in accord with this Court's precedent under similar circumstances.
Based on the foregoing, we find that the joint motion for discipline by consent pursuant to 22 NYCRR 1240.8(a)(5) should be granted and that a one-year suspension is warranted in view of the totality of the circumstances, including the respondent's admitted misconduct as well as the aggravating and mitigating factors presented herein (see Matter of Moran, 219 AD3d 47).
LASALLE, P.J., DILLON, DUFFY, BARROS and GENOVESI, JJ., concur.
ORDERED that the joint motion pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent is granted; and it is further,
ORDERED that the respondent, Jimmy Miguel Santos, is suspended from the practice of law for a period of one year, commencing August 15, 2025, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than May 15, 2026. In such application (see 22 NYCRR 1240.16), the respondent shall furnish satisfactory proof that, during the period of suspension, he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Jimmy Miguel Santos, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see id.); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Jimmy Miguel Santos, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Jimmy Miguel Santos, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court